Good morning, Your Honor. May it please the Court, my name is Paul Lawrence, and I'm here on behalf of Clark, and I'd like to reserve five minutes, if possible. You may do so, but I have a question, Counsel. We had a number of filings having to do with the status of settlement discussions. Can you bring us up to date on where that stands? And I'll ask the same question of your opposing counsel. There is no settlement as of to date. There's no agreement in principle for a settlement as of to date. There have been settlement discussions using a mediator, and that is a possibility in the future. But as of today, there is no settlement at all. And what's the status of the district court proceeding? The district court proceeding is stayed until the end of the month. The end of which month? September. Sorry. I think it's September 28th, if I remember correctly. And there is a somewhat of a disagreement between the parties as to what that stay affects. For example, the filing of an amended complaint. But we read the stay as completely staying the underlying case until that date and potentially until the 12 years. But that stay was, as I understand it, based on continuing discussions of settlement. Is that correct? It's not stayed pending this case, necessarily. No, but I believe that in the last hearing before the court, there were discussions about the significance of this particular proceeding, both as it relates to the settlement discussions that are ongoing as well as to the underlying proceeding. But you are correct that the stay is specifically in reference to ongoing settlement discussions. All right. Now, my last question has to do with the status of the Rule 23 proceeding. Our motions panel took it as an interlocutory appeal. But has the record become frozen with respect to what the trial judge has actually ruled upon? I think if you're asking, as I understand your question, in some degree, yes, though I'm not sure that terminology ---- Well, maybe that's the reason for my question, because it seems that there may have been post-filing events which may or may not be relevant to what's in front of us, because fundamentally what we have here, as I look at it, is that the trial judge has made a tentative determination to reject the Rule 23 request. Correct, Your Honor. And that you are correct that the record is frozen with respect to that particular issue. And I think that is discussed in the briefs to the extent in Gerson, for example, that a denial of a class certification motion is determined on the status of the plaintiffs at the time of the denial. So in that essence, the record is frozen as to the status of the plaintiffs at the time. However, when the case goes back to the Court, depending upon whether class certification has been granted by this Court or there's remand for further proceedings, then we're prepared to take whatever appropriate steps there are. But in terms of the issue before this Court, that is the class certification determination, that's based on, I guess, what you call a frozen record as of the time of the denial of the class certification. All right. Go ahead and tell us why we should reverse. Okay. Well, the allegations of the complaint are that Clark County has the foster care system there is failing to protect and care for the children within their custody, and that those failures result from a systematic practice that constitutes a substantial departure of professional standards of what is required for cases. Counsel?  What is before us is not whether Clark County has failed to act as it should toward children in its custody. What is at issue before us is whether the judge erred in denying class certification. Correct, Your Honor. For class action. Correct. The judge was disturbed by something that also concerns me, and I want to ask you about  Sure. Most of or all of the names, what is sought in the complaint is class certification, declaratory judgment that much of what Clark County does is unconstitutional or contrary to law, and an injunction obligating Clark County to do whatever the injunction says in the future. There is no prayer or demand for damages. That's correct. As I understand it, most or all of the plaintiffs have either aged out of the program or been adopted. That means not a single one of your named plaintiffs can benefit personally in the slightest from a declaratory judgment or an injunction. In order to increase your shot, your chances of getting class certification, you have constructed the complaint so that not a single one of your clients will get a penny. It seems to me that the judge's concern at that precise point was well-directed. It looks as though this is an action that would put the lawyer at the table when the court takes over the management of the county's juvenile facilities, but it won't get its clients anything. And the clients have very different interests according to whether they're aged out or adopted. Then their interest is only in getting compensated monetarily for the wrongs done to them. And that's very different interest from the children who are still in the system, who have an interest in an injunction but don't include any of your clients. So why isn't he within his discretion in denying class certification for that reason? First, to clarify the record, at the time he made his decision, there were active plaintiffs within the system. That's not in dispute. It's post-decision that's been raised by the State. So he did not make a determination based on the lack of a current plaintiff that could benefit from the injunctive relief. But any is a broad word. If you've got a 17-year-old at the critical moment and you're throwing away his money, there's still a question about whether there's adequate representation of the class and whether they share the same interest. Well, to jump to that point, first of all, there certainly is significant authority in the Gerstein case and the Garrity case from the United States Supreme Court that allows this type of proceeding to proceed as a class, even though participants in the class may go in and out of the class. I think this is both because people were in the class at the time of the hearing and also because it's a situation capable of repetition and that may evade review because people are going out of it. With respect to the loss of a damage claim, as we pointed out in the Heiser. I would think that this was not evade review. The way I remember these proceedings from practice is that the social workers, whenever a neighbor complains about how some other neighbor takes care of her children, they move in and grab the kid and take custody. And they come to lawyers all mad, the parents do. So you're likely to be able to find young children. Well, children go in and, first of all, there's a question, of course, whether or not that's happening on a timely basis, and that's part of the allegations. But putting that aside, certainly people are going in and out of the system, as in this case they get placed for adoption. So it is a situation, even if you have a young child, that child may be placed into an adopted situation which would take them out of the class. So it is capable of evading review for that basis. In the same way that in the Armstrong case and other cases involving prisoners or immigration class actions, people are going in and out of the system, but that doesn't preclude effective review of whether injunctive relief is merited. On the damages issue, I think, as we pointed out in reply brief, the court was just wrong that there's any capability of people losing damage claims because of injunctive relief that might be issued. That's the hazard. It's not because of injunctive relief. It's because the complaint doesn't seek damages. I mean, you represent people. You don't ask for a nickel form. They're not going to get damages. There's no case that I saw cited, that I'm aware of, where that type of judgment call by lawyers working with the representatives of their clients is a basis for denial of a class certification. I mean, simply put, there's no support in the case law for saying simply because they ---- Tell me the logic. My client was damaged, but I don't want any damages for him. I want an injunction so it won't happen again. But it's not going to happen again to my client. There are broader interests here. The friends of the plaintiffs are people who participate in the system as foster parents. Unless there is injunctive relief, and this is why class certification is so significant, unless there is injunctive relief, there will be continuing harm to and a continuing risk of harm to all the children that remained in the foster care of Clark County. Absent injunctive relief, you don't solve the problem. Absent the injunctive relief, you get an occasional damage claim here or there. And, in fact, one of the reasons why the court ---- Okay. Why not seek injunctive relief for people who are going to benefit from the injunction? Well, we, at the time that the case was filed, the people who were plaintiffs were going to benefit from the injunction. And the continuing problems that exist that are documented before the court on the motion for certification are likely to continue and cause substantial harm not just to the plaintiffs who are before the court, but also to the putative class members who are being subject to multiple placements, being subject to not protective care on an ongoing basis. Yes, Your Honor. Let me ask you something that bothers me about that. There's nothing to prevent you going ahead with your name plaintiffs to seek an injunction and secure an injunction. That injunction, once you enjoin Clark County from doing it to your clients, they can't do it to anybody else. So you can still get your injunction whether you have a class certification or not. So why do you need a class certification? What's so important about that if you can get what you need without the certification? I think fundamentally when you're dealing with class certification, the bottom line issue behind the rules and the commonality and typicality provisions are the efficiency of the class action mechanism, both as a way to resolving claims and providing relief. The fundamental ---- But what difference does it make? The non-class member is going to get the benefit of the injunction once you get Clark County to do X or Y. I don't think that it's clear. It may be that strategically it would be important. It may be from the position of being able to get them to settle if you have a certification. It may be that it's helpful in other ways, even attorneys' fees. All of these things, of course, it may help. But the structure, it seems to me, is sufficient now that you can get the injunction. Well, Your Honor, first of all, sort of stepping backward, the entitlement to attorney's fees under 1983 and 1988, it doesn't depend upon whether it's a class action or an individual. So I really don't think that's what's driving this. What's driving this is that there is a systematic problem, and class actions, particularly 23b2 class actions, are designed specifically to address this very type of situation, and they're provided for in the civil rules. I understand, and if you were suing for damages, I would say you have a strong case. But you're not, and so it strikes me as kind of strange you couldn't do it. The other part that bothers me is if you go forward with this case with an injunction, whether it's class or otherwise, and someone who's not in the class or in the class decides they want damages, and you lose this case, then they will have res judicata problems of trying to ever bring their damages. Now, it strikes me that that's an important point. Maybe you could talk me out of it. Well, I don't believe that it's true. The cases that we cite, I think, are fairly clear that the question of if a class is certified, that the injunctive results of the class certification do not diminish the rights of an individual to pursue a damage claim outside or separately from whatever proceedings exist in the class. If you have your class, you're granted the class. Yes. And you lose flat out. I don't see how your class clients could come back in and sue individually for damages. The issue is already foreclosed. Well, you're speculating a lot on what the basis for that determination would be. But to the extent that there were individual issues within that plaintiff that were outside or not litigated within the context of the class action dispute, which is going to be based on a broader evaluation of the system, I don't think that it would be res judicata effect unless there were a specific determination that would apply. Why wouldn't it be? They're in a class. They're bringing their case. It's all wrapped into the same issue. Maybe you've got a case that tells us otherwise, but it strikes me that that's an issue. And I found nothing in the briefs to help me with that. Well, the cases that we cite are cases that talk about once the injunction has been issued, that that doesn't preclude individual damage claims. But I don't believe that. Yes, you can, see. No, I understand. And I agree. Suppose you lose. I understand the distinction you're making from the cases that we cite. But it doesn't strike me that you would have to look very factually specific as to what the basis of a determination would be in denying the request for injunctive relief before you could say that has res judicata effect or not. And it's unlikely in the context of a class proceeding where you are looking at really more the actions of the state and the county rather than the individual failures that might apply to a particular plaintiff, it seems unlikely that there would be that kind of res judicata effect. Thank you, counsel. Your time has expired. We'll hear from the county. Your Honor, Gloria Sturman on behalf of Clark County with my associate Margaret Foley. Our co-counsel, Ms. Anderson, would like to reserve five minutes for her. Well, you may, it will be out of your time, so be sure and. Thank you, Your Honor. Your Honor, first to ask about settlement discussions, I would have to agree that at this time we don't have a formal agreement. We've been working on this for several months. One of the issues that does affect our ability to reach a settlement agreement is one thing, the mootness of the plaintiffs. The second thing, the plaintiffs would like this to be a stipulated class action. We can't stipulate to a class action because our view of why they want a class action is they want to continue, and this has been Judge Jones' concern, they want to continue supervision of the operations of the DFS in perpetuity. And this does get to the whole issue of attorneys fees. It gets to the whole issue of how Judge Jones rightly was concerned that he was going to be asked to supervise the funding of an ongoing governmental entity from the Federal Court bench. And while that's not the issue necessarily in the class action certification case, it does put in context the rulings that he has made in this case. And it is important in light of the Supreme Court's recent decision in the Horn case where it's very clear that class actions seeking institutional reform need to be very carefully viewed, need to be very carefully structured. And our concern with plaintiff's case throughout this and the decision that Judge Jones made is that their complaint was so broad, they had alleged such general issues with respect to their allegations and then tried to shoehorn in very specific facts as to each of these individual plaintiffs or plaintiff groups. Let me see if I understand correctly. Judge Jones has not denied class certification. He has not. He specifically said in his ruling, Your Honor, that it was without prejudice because discovery was so ongoing. Yes. He said, I am not yet satisfied with the evidence that, which is clearly not denying the certification. Yes, Your Honor. As far as he's concerned, I assume we have some jurisdiction here, but it's a little hard for me to find at this point. But assuming we have jurisdiction, he is not through with it. Secondly, I want to make sure everybody is in accord, as I understand it, that the test here is whether there's an abuse of discretion by the district court. Is that your understanding? Absolutely, Your Honor. And we believe that Judge Jones did not abuse his discretion, because what he really said was that the allegation that the plaintiffs have made is that there's a lack of judgment in making the decisions at all stages of the juvenile court process. And with respect to each of these separate plaintiffs, it happened at a different stage of the process. Well, if you're successful on appeal, all you've done is educate the plaintiffs on how to handle the case when they get before Judge Jones. Your Honor, I think that the plaintiffs are very well educated. They know what they're doing. They just wanted to short-circuit it a little bit and get right to the class action because it makes it easier to reach some sort of a conclusion on an injunction. But we, quite frankly, felt that it was premature, as did the judge. We had issues with respect to what information we had to produce to the plaintiffs. Subsequent to this hearing, which was in June of 2008, in October we produced, as we were ordered to do, literally 100,000 pages of records for the plaintiffs. This was what the judge, in addition to ruling on this motion on class action certification, he had ruled sustaining an order that we had to produce those documents. And that was what judge that was the context. It was two issues that were before the judge on that day. And he said, you're getting more information. This is premature at this time. I'm ordered that you have to give you more information. We were given time to get that to him. We did ultimately get it to him. And it was hundreds of thousands of pages of unredacted client records of thousands of children in family service. Kennedy. We had a case somewhat analogous to this one some years ago in Alaska, where a particular department was unhappy with the legislature's funding and colluded in a class action against itself so that the court would basically take over supervision and order funding that the department thought appropriate. Is this particular case adversarial or is it collusive? Your Honor, I would have to say, and perhaps Mr. Grimm, who is our underlying counsel, would have to agree that we haven't gotten along on much of anything. This is not a case where there is any collusion. Judge Jones specifically asked us that when we were back in June. We assured him that we needed to get more information. It's a danger with class certification of institutional reform litigation. And that's, again, as I mentioned in the Horn case, very clearly mentioned as one of the concerns. Which case? The Horn case. Horn. The Supreme Court case. Quite honestly, I don't feel that we have been unreasonable in our dealings with the plaintiffs. However, I can state categorically that the defendants have not colluded in any way. One of our main concerns that we have stated over and over and over is that these are difficult financial times. The county and the state are both facing real challenges. And while we all want the best outcomes for the children who are in our custody, we are constrained by the funding that is available. And one of our problems is that we have state law that says you cannot bind future governmental bodies. And in fact, the actual main defendants in this case, only two of them are still on our county commission. So in suing a governmental body, you're telling them how to spend their budget dollars beyond the budget cycle. This has been a concern for the Judge Jones. It is the concern that Clark County has been operating under as they defend this case. They cannot commit to reform for a class of people when we aren't exactly sure who's in this class, what harm the class has served, suffered, and how it should be addressed. We have plans for reform in effect. Those plans have been cited to this Court as proof that, in fact, there are problems in Clark County. The fact that Clark County wants to reform its system does not necessarily mean that they are admitting they have violated anybody's constitutional rights. The problem that Judge Jones had was that the allegations of the complaint and the allegations of the specific plaintiffs are so broad that it is impossible to tell whether those are class-wide problems. And that's the finding that he made last June, is that there simply was not enough information before him at that time to say that there's a class-wide violation. He has not ruled that he will never – it's impossible to make that finding, that it could never be made. He simply said that as a – If he changes his mind and allows class certification, I'm still worried, as I understand it, there are at least ten children who were mentioned in this complaint. Yes. Who suffered all sorts of horrible things happening to them. Yes, Your Honor. And if the judge turns around and grants class certification, they're not going to get a penny in compensation for what happened to them. Is that true? If I could, Your Honor, five of those children have, in fact, received compensation through a lawsuit filed for the wrongful death of their brother. The other – the other five – one has aged out. If he wishes to pursue a claim, he's now an adult. He can pursue a claim. The other four – a group of three siblings and a single child have been adopted. I have no idea if their adoptive parents plan to seek anything for them or if they would when they were adults, but this has been a concern also for the county and for Judge Jones, that we would agree, that we do believe that you are barring these children from pursuing their claims to remedy their – the actual harms that they may feel they have suffered. These cases where there were some economic damage recoveries, were these – were these state court actions or were these – Federal. They were also – they were federal. Related to this litigation? No, it was a separate case, but it happened to be before Judge Jones. All right. And that has just, in the last week or so, been settled. What's the position of Clark County, his relationship to whether or not the motions panel correctly or should have granted the appeal? That is, we give them deference, but we take a look at our own jurisdiction. Based upon the sort of floating target we have in the district court, where the district court hasn't finished its work, and the mootness which was also raised, do you have a position as to whether or not we should keep this case and decide it, or whether we should indicate that the motion was improvidently granted? We believe that it was improperly granted, Your Honor, and we opposed it at the time. We felt that it was premature, and we would suggest that there is still work to be done, as you have pointed out. Before the court, the judge was aware of the mootness issue. He, in fact, mentioned it twice. Your position is it was improvidently granted? Yes, Your Honor. And we should just say no, thank you, and send it back? Yes, Your Honor. So we would dismiss the appeal? Either that. You dismiss the appeal or remand it for further action by Judge Jones. Your Honor, with that, I'm at about 5 minutes. I would defer to Ms. Anderson, who may have some points to make as well. Thank you, counsel. May it please the Court. I'm Linda Anderson on behalf of the State Defendants. I'm not sure I can add. On behalf of the State Defendants? Yes. And the State Defendants consist of Mike Weldon, who's the Director of Health and Human Services, Diane Como, who's the Administrator of the Division of Child and Family Services, and Melissa Fall, who's the Bureau Chief. In Nevada, we have a unique situation where the county is actually the foster care provider. They're providing that system. The state, though, is still responsible to the federal government and is responsible for review of that system. And, in fact, has been actively engaged in that, as all the reports that were attached to the plaintiff's request are typically studies the state or the county have commissioned. We, as the State Defendants, also agree that the court, the judge did not abuse his discretion. He had insufficient information before him, especially about those named plaintiffs. It was that little attention that was paid to them that caused him great concern. He has been trying to move this case to trial so that those plaintiffs could seek some relief. The focus on the class action kind of consumed those issues. And, in the end, he felt that class action was not appropriate remedy at this time. What relief can they seek? Can you get an end? I guess declaratory judgment is discretionary. And there has to be a justification under the statute for it. And can you get an injunction when you personally have no stake? I find it difficult to do, especially in a case like this, where the information before the court was a snapshot back in time. If their rights were violated, as they allege, it was back in 2005. The injunction would be declaration something illegal or unconstitutional was done to me, injunction, don't do it again to some other kid. Right. Could they get a declaration? Can you get that kind of declaration and injunction? I think that they possibly could, but it would have limited value in terms of using the Court's time and resources to make that finding. And I think that was the concern the Court had, is should these children's rights and issues been brought before the family court? And that's another piece we want to add in here. In the heyday of institutional reform litigation, when somebody was willing to take on a class action to do the institutional reform, the Court's reaction was, oh, good. Now we can take care of these wrongs because people will be passing in and out. And the capable of repetition yet evading review exception to mootness was expanded. Lately, in the last few years, the Supreme Court seems to have been contracting on institutional reform litigation. I'm wondering, how do they get reform if, indeed, the institution is conducting itself unconstitutionally? And very important concerns that affect all of us. Using the court process has limited value in this way, is our position. The legislative, the family court that comes in and reviews individualized cases, the problem here is when you're dealing with professional judgment of social workers, a social worker can exercise the best judgment and the child will still be harmed. So you have to look at each one on an individualized case, strengthening the family court, strengthening the requirements, the oversight. And I think the feds have really moved up and Nevada's currently involved in 2009 and yet another review. And that is a more effective way of doing a system overhaul than putting it in the hands of the federal court. When it encompasses so much, I mean, they were trying to reach into all areas of the foster care system. And I think you're going to have better relief for individual children in order to protect each child individually through the process that's already in existence, strengthening the family court review, making sure those things occur, then you are going to, by having a federal court order. And I will, if there's no further questions? No further questions. Thank you, counsel. Thank you. Now, the court is going to submit this case, but since there are record filings with respect to the status of ongoing negotiations, we must insist that the parties notify us if before we issue any opinion, there is a settlement because we certainly don't want to be in a position of being, what shall I say, outflanked, at least. With that understanding, the case just argued will be submitted and the court will adjourn.
judges: Wallace, O'scannlain, Kleinfeld